## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DEBBIE SHARE, individually and on behalf of all persons similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**AMERICAN MERCHANDISING SPECIALISTS, INC.,**<br><br>**Defendant.** | Civil Action No.: 1:21-CV-4839<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Debbie Share ("Plaintiff"), on behalf of herself and all others similarly situated, through her undersigned attorneys, brings this lawsuit against American Merchandising Specialists, Inc. ("AMS Retail" or "Defendant"), seeking all available remedies under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq.* ("NJWHL"). The foregoing allegations are made on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

### INTRODUCTION

1. Defendant is a retail support company that provides services to promote and increase the sales of its retail customers' products nationwide. AMS Retail employs individuals, such as Plaintiff and those similarly situated, to share product

knowledge with retail associates, conduct product demonstrations, audit and stock product, build product displays, and update product pricing and signage.

2. This case is about Defendant's knowing and improper classification of its Field Marketing Representatives, Field Sales Representatives, Product Advisors, and other similar roles however titled (collectively, "Field Representatives"), as exempt from the FLSA and related state wage and hour laws, who, as a result, did not receive overtime pay for hours regularly worked in excess of forty (40) hours in a workweek.

## JURISDICTION AND VENUE

3. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. Defendant conducts business in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

5. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

## PARTIES

6. Plaintiff Debbie Share is a citizen of New Jersey and resides in Marlton, New Jersey. Plaintiff worked for Defendant as a Field Marketing Representative from

approximately October 2018 to June 2020 and from approximately August 2020 to January 2021. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to be a plaintiff in this action. *See* Exhibit A.

7. Defendant American Merchandising Specialists, Inc. is a registered North Carolina corporation that does business in the State of New Jersey. Defendant provides retail support to leading manufacturers nationwide as a third-party labor agency. Defendant's clients include, for example, Samsung, Bosch, and Bissell. *See* https://merchandisers.net/about/ (last visited Feb. 22, 2021).

8. Defendant's corporate headquarters is located at 177 Barley Park Lane, Mooresville, North Carolina 28115.

9. Defendant employed Plaintiff and continues to employ similarly situated employees as defined by the FLSA, 29 U.S.C. § 203(d). *See also* 29 C.F.R. 791.2(a).

10. The unlawful acts alleged in this Complaint were committed by Defendant and/or its officers, agents, employees, or representatives, while actively engaged in the management of Defendant's businesses or affairs and with the authorization of Defendant.

11. Plaintiff was an employee of Defendant and was covered by the FLSA.

12. Defendant is an employer covered by the FLSA.

13. Defendant employs individuals including Field Marketing

Representatives, in New Jersey, as well as other states.

14. Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as described by 29 U.S.C. §§ 206-207.

15. Defendant's annual gross sales exceed $500,000.

## COLLECTIVE AND CLASS DEFINITIONS

16. Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of herself and the following collective:

> All current and former employees who were paid by American Merchandising Specialists, Inc. on a salary basis to perform brand advocacy and/or merchandising services in the United States during the applicable limitations period and were denied overtime compensation as a result of being classified as exempt (the "FLSA Collective").

17. Plaintiff brings Count II of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and the following class:

> All current and former employees who were paid by American Merchandising Specialists, Inc. on a salary basis to perform brand advocacy and/or merchandising services in the State of New Jersey during the applicable limitations period and were denied overtime compensation as a result of being classified as exempt (the "New Jersey Class").

18. The FLSA Collective and the New Jersey Class are together referred to as the "Classes" and the members of the Classes are "Class Members."

19. Plaintiff reserves the right to redefine the Classes prior to notice or class

certification, and thereafter, as may be warranted or necessary based upon discovery or otherwise.

## FACTUAL BACKGROUND

20.   Defendant provides retail advocacy, merchandising, and support solutions to Defendant's manufacturer clients to help increase product sales at retailers nationwide.

21.   Since Defendant's establishment in 1999, Defendant's operations have grown substantially, and to execute its mission of driving product sales, Defendant now employs retail professionals in 50 states. *See* https://merchandisers.net/about/ (last visited Feb. 22, 2021).

22.   Between approximately October 2018 and June 2020, and between approximately August 2020 and January 2021, Plaintiff was employed as a Field Marketing Representative in New Jersey.

23.   Plaintiff performed brand advocacy and merchandising services primarily for Defendant's client, Samsung Home Appliances, at retailers such as Home Depot, Lowes, and Best Buy. Plaintiff observed that some Class Members worked for Defendant's other clients, including but not limited to, Bosch and Bissell, at these same retailers.

24.   Plaintiff and Class Members were employed by Defendant to perform brand advocacy and merchandising services for Defendant's manufacturer clients.

25. Plaintiff and Class Members were misclassified as exempt for purposes of overtime and were paid on a salary basis without any overtime compensation for hours worked in excess of forty (40) hours in a workweek.

26. The primary job duties of Plaintiff and Class Members do not fall under any exemptions under the FLSA or the NJWHL.

27. Plaintiff and Class Members' primary job duties consisted of sharing product knowledge with retail personnel and managers, answering customer sales and basic technical questions, conducting product demonstrations, cleaning products, performing inventory checks, auditing and stocking product, opening and sorting shipped point-of-purchase ("POP") displays required by each assignment prior to arriving at each location, building product displays, and updating product pricing and signage.

### **Plaintiff and Class Members Are Not Exempt**

28. Plaintiff received job assignments from Defendant via Natural Insights ("NI"), a retail task management platform utilized by Defendant and other competitors in the retail support industry for disseminating these types of tasks.

29. Once job assignments were disseminated via NI, Plaintiff was then responsible for meeting Defendant's job assignment deadlines as established by Defendant and its client. Furthermore, Defendant directed which retailer Plaintiff would be visiting to perform each job assignment.

30. Plaintiff's typical workday included travel to approximately four (4) retailers during a workday. Plaintiff sometimes traveled to six (6) or more retailers in the same workday.

31. Upon arrival to each jobsite, Plaintiff performed a series of standardized tasks as listed on NI. This included but was not limited to, auditing and stocking product, building product displays, and updating product pricing and signage. Plaintiff was often required to submit photographs upon completion of each task as evidence that each task was completed to the degree of instruction specified.

32. For example, Plaintiff was sometimes asked to utilize Samsung Home Appliances' software to perform inventory on its products, screen for damaged products, confirm product display, and order additional pre-approved parts for product display. Plaintiff's use of Samsung Home Appliances' own software enabled Samsung to compile data for internal purposes while Plaintiff was in the field.

33. In preparation for her brand advocacy responsibilities, Plaintiff routinely received emails from Defendant containing specific directives that she was expected to follow. This included, but was not limited to, where inside the retailer to set up her table, how to engage with retail personnel and customers, and which client models to focus on. Plaintiff was also directed to write a summary recapping each store visit so that Plaintiff's supervisors could monitor the impact she had in helping drive Defendant's clients' sales goals through her engagement with retail customers.

34. Plaintiff was not responsible for selling Defendant's clients' products directly to retail customers. Plaintiff was merely responsible for answering customers' questions about the product and engaging with customers.

35. Plaintiff observed that other Class Members were required to follow similar work protocols and were expected to perform the same job duties.

36. Plaintiff and Class Members do not exercise or otherwise rely upon any advanced knowledge or experience to complete their job duties. Defendant's clients control their products' profit or loss by establishing retail pricing and strategy. Specifically, Defendant's clients negotiate the sale of its products with major retailers. Plaintiff and Class Members are only responsible for becoming informed on current product pricing and promotions so that they can relay that information to retail personnel and customers while conducting their work in the field.

37. In fact, Defendant does not require Plaintiff and Class Members to have a college degree or a background in sales to obtain a Field Representative job.

38. Plaintiff and Class Members do not exercise discretion and independent judgment as to matters of significance. Plaintiff lacks discretion as to what products to perform advocacy and merchandising services for, whether to run sales or promotions, how frequently to service stores, and similar discretion that would allow them to increase (or decrease) the profitability of Defendant's clients.

**Plaintiff and Class Members Did Not Receive Overtime Compensation**

39. Plaintiff regularly worked five (5) to six (6) days per week, typically between forty-five (45) and fifty (50) hours per week. Plaintiff rarely took a lunch break throughout her employment with Defendant.

40. Plaintiff observed that other Class Members routinely worked similar schedules.

41. Plaintiff and Class Members were required and expected to work over forty (40) hour per week by Defendant.

42. Although the workload assigned to Plaintiff and Class Members typically required them to work more than forty (40) hours per week, Defendant failed to pay them one and one-half (1 ½) times their regular rate of pay for hours in excess of forty (40) hours per week, as required by the FLSA.

43. Instead, Plaintiff and Class Members were misclassified as exempt from the FLSA and paid a salary without overtime compensation.

**Defendant Willfully Violated the FLSA and State Wage Laws**

44. Defendant's actions in violation of the FLSA have been made willfully to avoid liability under the FLSA.

45. Defendant's violation of the NJWHL was not a first-time violation resulting from an inadvertent error made in good faith.

46. Defendant and its senior management had no reasonable basis to believe

that Plaintiff and Class Members were exempt under the FLSA or the NJWHL. Rather, Defendant knew or acted with reckless disregard for clearly applicable FLSA and NJWHL provisions in misclassifying Plaintiff and the FLSA Collective as exempt and failing to pay them overtime. Such willfulness is demonstrated by, or may be reasonably inferred from, Defendant's actions and/or failures to act.

47. Defendant knowingly, or with reckless disregard, failed to make, keep and preserve records with respect to Plaintiff and other members of the FLSA Collective sufficient to determine their lawful wages, actual hours worked, and other conditions of employment as required by federal and state law. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

48. Even though the FLSA and applicable state law requires overtime premium compensation for hours worked over 40 per week, Defendant does not pay Field Representatives, such as Plaintiff, overtime premium compensation for overtime hours worked.

49. Defendant has failed to pay Plaintiff and other Field Representatives all overtime compensation owed.

50. By failing to pay the all overtime compensation owed to Plaintiff and other Field Representatives, Defendant has acted willfully and with reckless

disregard of clearly applicable FLSA and NJWHL provisions.

## COLLECTIVE ACTION ALLEGATIONS

51. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

52. Plaintiff desires to pursue her FLSA claims on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

53. Plaintiff and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because all such individuals worked pursuant to Defendant's above-described common pay practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, for example, Defendant's common compensation, timekeeping, and payroll practices.

54. Defendant misclassified Plaintiff and the FLSA Collective Members as exempt and failed to pay overtime at time and a half (1½) the employee's regular rate as required by the FLSA for hours worked in excess of forty (40) per workweek.

55. The similarly situated employees are known to Defendant and are readily identifiable and may be located through Defendant's business records and the records of any payroll companies that Defendant uses.

56. Defendant employs many FLSA Collective Members throughout the

United States. These similarly situated employees may be readily notified of the instant litigation through direct means, such as U.S. mail and/or other appropriate means, and they should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime and other compensation violations, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

57. Plaintiff brings this action individually and in a representative capacity on behalf of the New Jersey Class defined above.

58. The members of the New Jersey Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are hundreds of members of the New Jersey Class.

59. Defendant engaged in the same conduct towards Plaintiff and the other members of the New Jersey Class.

60. The injuries and damages to the New Jersey Class present questions of law and fact that are common to each Class Member, and to the Class as a whole.

61. Plaintiff will fairly and adequately represent and protect the interests of the New Jersey Class because there is no conflict between the claims of Plaintiff and those of the New Jersey Class Members, and Plaintiff's claims are typical of the claims of the New Jersey Class.

62. Plaintiff's counsel is competent and experienced in litigating class actions, including wage and hour cases like this one.

63. There are questions of law and fact common to the New Jersey Class that predominate over any questions affecting only individual Class Members, including, without limitation: whether Defendant has violated and continues to violate the laws of New Jersey through its policy or practice of improperly classifying Plaintiff and the New Jersey Class Members as overtime exempt.

64. Plaintiff's claims are typical of the claims of the New Jersey Class in the following ways, without limitation: (a) Plaintiff is a member of the New Jersey Class; (b) Plaintiff's claims arise out of the same policies, practices, and course of conduct that form the basis of the claims of the New Jersey Class; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the New Jersey Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the New Jersey Class Members; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the New Jersey Class Members.

65. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New Jersey Class predominate over any questions affecting only individual New Jersey Class Members.

66. Class action treatment is superior to the alternatives for the fair and

efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The New Jersey Class is readily identifiable from Defendant's own employment records. Prosecution of separate actions by individual members of the New Jersey Class would create the risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Defendant.

67. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the New Jersey Class Members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

68. Without a class action, Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the New Jersey Class. Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I
## Violation of the FLSA
## (On Behalf of Plaintiff and the FLSA Collective)

69. All previous paragraphs are incorporated as though fully set forth herein.

70. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

71. Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d).

72. At all relevant times, Defendant was, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

73. During all relevant times, the members of the FLSA Collective, including Plaintiff, were covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

74. Plaintiff and the FLSA Collective are not exempt from the requirements of the FLSA.

75. Plaintiff and the FLSA Collective are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29

U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

76. Defendant's compensation scheme applicable to Plaintiff and the FLSA Collective failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

77. Defendant knowingly failed to compensate Plaintiff and the FLSA Collective at a rate of one and one-half (1½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

78. Defendant also knowingly failed to create, keep and preserve records with respect to work performed by Plaintiff and the FLSA Collective sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA, 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

79. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

80. Pursuant 29 U.S.C. § 216(b), employers such as Defendant, who fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for the unpaid minimum and overtime wages, an additional equal amount as liquidated damages, reasonable attorney's fees, and costs of the action.

## COUNT II
### Violation of the New Jersey Wage and Hour Law
### (On Behalf of Plaintiff and the New Jersey Class)

81. Plaintiff incorporates the foregoing allegations as if fully set forth

herein.

82. Defendant is an employer covered by the NJWHL, N.J.S.A. 34:11-56a(1)(g). The overtime wages sought by this claim are "wages" as defined by N.J.S.A. 34:11-56(a)(1)(d). Throughout the relevant period. Defendant has been subject to the NJWHL and the enabling Regulations noted here.

75. Plaintiff and the New Jersey Class do not qualify for any exemption from the wage and overtime requirements of the NJWHL. *See* N.J.S.A. 34:11-56(a)(4).

76. The exact amount of compensation, including overtime compensation that Defendant has failed to pay Plaintiff and the New Jersey Class is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant, or were not kept by Defendant.

77. The NJWHL requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiff and the New Jersey Class are entitled to review their records of hours worked to determine the exact amount of overtime wages owed by Defendant. Absent Defendant keeping these records as required by law, *see* N.J.S.A. 34:11-56(a)(20), Plaintiff and the New Jersey Class are entitled to submit their information about the number of hours worked.

78. Defendant's failure to pay Plaintiff and the New Jersey Class overtime wages at a rate of time and a half the regular hourly wage for each hour of working time in excess of 40 hours in any week is willful within the meaning of the New Jersey Labor Law. *See* N.J.S.A. 34:11-56(a)(40).

79. As a result of Defendant's willful and unlawful conduct, Plaintiff and the New Jersey Class are entitled to an award of damages in an amount to be determined at trial, plus liquidated damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief on behalf of herself and all others similarly situated:

a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the New Jersey Class;

c. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

d. Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

e. Liquidated damages and penalties to the fullest extent permitted under the law;

f. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

g. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a jury trial on all claims and issues.

Dated: March 11, 2021                    Respectfully submitted,

*s/Camille Fundora Rodriguez*
Shanon J. Carson, *pro hac vice forthcoming*
Camille Fundora Rodriguez (NJ No. 909682012)
Alexandra K. Piazza (NJ No. 010922013)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: (215) 875-3000
Fax: (215) 875-4604
scarson@bm.net
crodriguez@bm.net
apiazza@bm.net

*Attorney for the Plaintiff and the Proposed FLSA Collective and New Jersey Class*